STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY (State Bar No. 161647)
*drozansky@stroock.com*
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for COSIMO BORRELLI and
G. JACQUELINE FANGONIL WALSH,
JOINT AND SEVERAL LIQUIDATORS OF
GALLERIA (HONG KONG) LIMITED
(IN COMPULSORY LIQUIDATION)

MCKOOL SMITH HENNIGAN, P.C.
KIRK D. DILLMAN (State Bar No. 110486)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for DBS BANK LIMITED,
LOS ANGELES AGENCY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF COSIMO BORRELLI and G. JACQUELINE FANGONIL WALSH, JOINT AND SEVERAL LIQUIDATORS OF GALLERIA (HONG KONG) LIMITED (IN COMPULSORY LIQUIDATION), FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782,<br><br>Applicants. | Case No.  2:13 MC 140<br><br>**ORDER GRANTING STIPULATION AND AGREED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT** |

NY 74827624

# [PROPOSED] ORDER

Upon the Stipulation among Cosimo Borrelli and G. Jacqueline Fangonil Walsh, in their capacity as Joint and Several Liquidators (in such capacity, the "Liquidators") of Galleria (Hong Kong) Limited (In Compulsory Liquidation) ("GHK"), and DBS Bank Limited, Los Angeles Agency ("DBS LA"), by and through their respective undersigned counsel, dated October 30, 2013, and good cause appearing therefore,

**IT IS SO ORDERED THAT:**

1. This Order shall govern the disclosure and use by the parties of all documents, testimony, exhibits, electronically stored information ("ESI"), and any other materials and information produced or provided by the DBS LA (collectively, the "Discovery Materials") in response to subpoenas served by the Liquidators in the above-captioned case (the "Case").

2. All Discovery Materials produced or disclosed in connection with this Case shall be used solely for the purpose of assisting the Liquidators in performing their legal obligations as Liquidators pursuant to the Order of the High Court of the Hong Kong Special Administrative Region on July 23, 2010 in connection with the investigation of GHK's assets, affairs, rights, obligations or liabilities, and the identification and realization of all assets and claims of GHK (collectively, "**GHK Proceedings**").

3. DBS LA may, subject to the provisions of this Order, designate as "**Confidential**" any Discovery Materials that DBS LA in good faith believes contains any competitively sensitive or proprietary information, such as trade secrets, financial, or other commercial information of a non-public nature, information protected by the right or privacy and/or any applicable privilege, or any other sensitive information which may be subject to a protective order under Fed. R. Civ. P. 26(c)(1).

NY 74827624

4.     Discovery Materials designated "Confidential" shall be referred to herein as "**Confidential Discovery Material**."  No designation of Confidential Discovery Material shall be effective unless there is placed or affixed on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent, or, in the case of depositions, as set forth in paragraph 6 below.  ESI designated "Confidential" shall be so designated by including such notice in the body of the electronic document or by affixing a stamp with such notice on the medium (including but not limited to tapes, CDs, DVDs, hard drives and flash drives) on which the electronic data is stored before copies are delivered to the Liquidators.  Print-outs or production onto a reviewable electronic platform of any such ESI designated as Confidential Discovery Material shall also be treated as Confidential Discovery Material in accordance with the terms of this Order, and when printing out or producing the Confidential Discovery Material the Liquidators shall mark the data in its reproduced format in accordance with this paragraph 4.

5.     The designation of any Discovery Materials as Confidential is not intended to and shall not be construed as an admission that such Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

6.     DBS LA may, on the record of a deposition, or within ten calendar days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" under the terms of this Order.  Until such time period expires without any such designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by DBS LA.  All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof.  Objections to the designation of Confidential Discovery Material under this paragraph shall be governed by the procedure set forth in paragraph 11 below.

NY 74827624

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

7. Except upon the prior written consent of DBS LA or order of the Court, the Liquidators shall not disclose, summarize or otherwise make available to anyone the Confidential Discovery Material except to the following persons:

a) the Court and Court personnel in this Case and other tribunals and tribunal personnel in GHK Proceedings;

b) the Liquidators' counsel participating in GHK Proceedings and their legal, clerical, or support staff, including temporary or contract staff;

c) professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Case or GHK Proceedings;

d) persons who are indicated to have been authors or recipients of the Confidential Discovery Material;

e) counsel for parties who have appeared in GHK Proceedings;

f) expert witnesses or consultants who are employed or retained by the Liquidators in connection with GHK Proceedings;

g) deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this Case or other GHK Proceedings; and

h) outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this Case or GHK Proceedings, and computer personnel performing duties in relation to a computerized litigation system.

8. The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist such counsel, expert, or investigator in connection with GHK Proceedings.

9. All persons to whom Confidential Discovery Material is disclosed pursuant to sub-paragraphs 7(b) through (h) as applicable above shall, prior to receipt of such Confidential Discovery Material, be advised of the contents of this Order and shall be required to execute a certification evidencing their agreement to the terms of the Order, in the form attached as Exhibit A.

NY 74827624

10. The recipient of any Confidential Discovery Material that is provided pursuant to this Order shall maintain such Confidential Discovery Material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such Confidential Discovery Material. Persons obtaining access to any Confidential Discovery Material shall use the information solely in connection with GHK Proceedings and shall not use such information for any other purpose.

11. The Liquidators are not obligated to challenge the propriety of a designation of Discovery Materials as Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, the Liquidators object to a designation of Discovery Materials as Confidential under this Order, the Liquidators shall notify DBS LA in writing and identify with specificity the Discovery Materials to which such objection applies. Due to the large volume of documents to be produced, the Liquidators shall be permitted, to the extent possible, to reasonably identify such Discovery Materials to which such objection of the designation applies by groups or categories, rather than specific individual documents, based upon similar topic, subject matter, original custodian or provider of such document, or such other group as deemed appropriate. Within three calendar days of the receipt of such notification (or such other time as mutually agreed to by the parties or ordered by the Court), counsel for DBS LA and the Liquidators shall meet and confer in an effort to resolve any disagreement regarding DBS LA's designation of the Discovery Materials as Confidential. If, for whatever reason, the parties do not resolve their disagreement within that time period, the Liquidators may make an application to the Court challenging DBS LA's designation of Discovery Materials as Confidential. On such application, DBS LA shall have the burden of showing that the document or information is Confidential. While any such application is pending, the documents or materials subject to that application will remain Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any Discovery Materials as

Confidential or as preventing any party from seeking further protection for any material it produces in discovery.

12. In the event that counsel for any party determines to file in or submit to this Court any Confidential Discovery Material, any information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material shall be submitted for filing under seal pursuant to Local Rule 79-5. All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

13. Nothing in this Order shall be construed to limit any party's use or disclosure of its own documents, materials, or information that have been designated as Confidential pursuant to this Order.

14. In addition, nothing in this Order shall prevent or in any way limit the disclosure, use or dissemination of any document, information or material that:

    a) was, is or becomes public knowledge, not in breach of this Order; or

    b) is acquired by a party from a non-party having the right to disclose such information or material or is learned by a party as a result of that party's own independent efforts, investigation or inquiry.

15. This Order shall not be construed to affect or limit in any way the admissibility or use of any document, testimony, or other evidence at a hearing in this Case or other GHK Proceedings, or to prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence or use of any document, testimony or other evidence at a trial or a hearing of any kind whatsoever, whether in the Court or some other court.

NY 74827624

      16.    This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

      17.    This Order may be executed in counterparts.  This Order shall become effective as a stipulation among the parties immediately upon its execution.

Dated:       November 6, 2013



United States District Court Magistrate Judge

- 6 -

NY 74827624

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, a copy of the foregoing **[Proposed] Order Granting Stipulation and Agreed Protective Order** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By: */s/ Daniel A. Rozansky*
Daniel A. Rozansky

<u>Via E-mail to</u>:

Kirk D. Dillman
McKool Smith Hennigan, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
kdillman@mckoolsmithhennigan.com

- 1 –

NY 74827624